ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| PRODUCTOS AVÍCOLAS DEL CARIBE, INC.<br><br>Recurrente<br><br>v.<br><br>AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS<br><br>Recurrido | TA2026RA00296 | Recurso de Revisión Procedente de la Autoridad de Acueductos y Alcantarillados<br><br>Caso Núm.: AAA:10594133-CE<br><br>Sobre: Denegatoria de Vista Administrativa; Reclamación Administrativa de Cobro de Dinero |

Panel integrado por su presidenta la Juez Grana Martínez, el Juez Ronda Del Toro, el Juez Sánchez Báez y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico a 12 de junio de 2026.

Productos Avícolas Del Caribe, Inc. (en adelante "Parte Recurrente o Productos Avícolas), comparece en Recurso de Revisión presentado el 2 de junio de 2026. En este solicita que revisemos una determinación que emitió la Autoridad de Acueductos y Alcantarillados (AAA) el 8 de mayo de 2026. Mediante esta, la AAA le denegó a Productos Avícola la solicitud de Vista Administrativa que este peticionó por haber sido reclamada fuera del término dispuesto para ello.

Luego de evaluar el recurso presentado, resolvemos desestimarlo por falta de jurisdicción por prematuro.

## I.

De acuerdo con el expediente nos limitamos a los hechos procesales ante la AAA.

El 16 de abril de 2025[1], la AAA suscribió dos comunicaciones dirigidas a Productos Avícolas.  En estas reclamaron los cargos por el alegado uso de agua en los casos número 10594133−CE (por la suma $582,940.20) y 10594144−CE (por la cantidad de 4,610.10).

El 1ro de mayo de 2025, Productos Avícolas solicitó revisión administrativa para ambas reclamaciones.  En las cartas de fecha 17 de marzo de 2026[2], la AAA contestó ambas reclamaciones. Respecto a la reclamación 10594133-CE, la AAA redujo la cantidad reclamada de $582,940.20 a $229,492.29, mientras que en el caso número 10594144−CE, la AAA se reafirmó en los cargos originales.

Las cartas informaban lo siguiente:

> Si no está de acuerdo con esta determinación, puede solicitar una Vista Administrativa por escrito, dentro de diez (10) días calendario, **a partir de la fecha de recibo de esta notificación**.  Transcurrido este periodo, se extenderá aceptada la multa administrativa y los cargos impuestos, por lo que conforme al Artículo 2.20 del citado Reglamento, la Autoridad podrá transferir la deuda a cualquier cuenta activa a su nombre.

La parte recurrente, sostuvo que recibió las cartas el 8 de abril de 2026.  Así pues, el 9 de abril de 2026, Productos Avícolas presentó dos peticiones de Solicitud de Vista Administrativa ante la AAA por no estar conforme con los cargos impuestos en los casos 10594133−CE y en el 10594144−CE[3].

Así las cosas, el 8 de mayo de 2026[4] la AAA emitió una comunicación, puesta en el correo el 13 de mayo de 2026, en el

---

[1] SUMAC TA, anejos págs. 140-143.
[2] SUMAC TA, anejo págs. 200-201 y 202-203.
[3] SUMAC TA, anejo págs. 208-211; 212-215.
[4] SUMAC TA, anejo págs. 1-2.

caso número 10594133−CE, expresando en el segundo párrafo lo siguiente:

> Esta solicitud no está cubierta por el Artículo 7.12 del Reglamento por haber sido reclamada fuera del término dispuesto para ello. La misma le concedía diez (10) días calendarios, a partir de la fecha de notificación de la determinación de Revisión Administrativa para solicitar una Vista Administrativa.

La decisión no incluyó la advertencia a solicitar reconsideración o revisión judicial y los términos para ello.

No obstante, en desacuerdo, el 28 de mayo de 2026[5], Productos Avícolas presentó una solicitud de Reconsideración de la denegatoria de Vista Administrativa. Arguyó que la solicitud de vista fue presentada el 9 de abril de 2026, dentro del término dispuesto, toda vez que las cartas se recibieron el 8 de abril de 2026.

Cinco (5) días después, el 2 de junio de 2026, Productos Avícolas interpuso un recurso de revisión administrativa ante este foro apelativo. En este planteó los siguientes señalamientos de error:

> PRIMERO: ERRÓ LA AUTORIDAD AL CONCLUIR QUE LA SOLICITUD DE VISTA ADMINISTRATIVA FUE PRESENTADA FUERA DE TÉRMINO SIN IDENTIFICAR LA FECHA UTILIZADA PARA COMPUTAR EL TÉRMINO DISPUESTO EN EL ARTÍCULO 7.12 DEL REGLAMENTO NÚM. 8901, SIN EXPONER LOS HALLAZGOS DE HECHO Y FUNDAMENTOS JURÍDICOS QUE SUSTENTAN DICHA CONCLUSIÓN Y EN VIOLACIÓN AL DEBIDO PROCESO DE LEY.

> SEGUNDO: ERRÓ LA AUTORIDAD AL DENEGAR LA SOLICITUD DE VISTA ADMINISTRATIVA DE LA PARTE RECURRENTE POR UN ALEGADO INCUMPLIMIENTO DEL TÉRMINO DE DIEZ (10) DÍAS DISPUESTO EN EL ARTÍCULO 7.12 DEL REGLAMENTO NÚM. 8901, A PESAR DE QUE LA PROPIA AGENCIA INCUMPLIÓ DURANTE APROXIMADAMENTE TRESCIENTOS QUINCE (315) DÍAS NATURALES EL TÉRMINO DE VEINTE (20) DÍAS LABORABLES ESTABLECIDO EN EL ARTÍCULO 7.11 DEL MISMO REGLAMENTO PARA

---

[5] SUMAC TA, anejo págs. 218-237.

ATENDER Y RESOLVER LA SOLICITUD DE REVISIÓN ADMINISTRATIVA.

TERCERO: ERRÓ LA AUTORIDAD AL DENEGAR LA SOLICITUD DE VISTA ADMINISTRATIVA DE LA PARTE RECURRENTE, A PESAR DE LA EXISTENCIA DE MÚLTIPLES CONTROVERSIAS GENUINAS DE HECHO Y DE DERECHO RELACIONADAS CON LA PROCEDENCIA, EXACTITUD, LEGALIDAD Y EXIGIBILIDAD DE LA RECLAMACIÓN ADMINISTRATIVA.

Evaluado el recurso junto a los documentos que le acompañan como apéndice, procedemos a atender, como cuestión de prioridad, nuestra jurisdicción para entender en el asunto.

**II.**

**A.**

La jurisdicción es el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias ante su consideración. JJJ Adventure v. Consejo de Titulares y otros, 2025 TSPR 123, 216 DPR __ (2025); Greene et als. v. Biase et als., 2025 TSPR 83, 215 DPR __ (2025); Vázquez et al. v. DACo, 2025 TSPR 56, 215 DPR __ (2025); Metro Senior v. AFV, 209 DPR 203, 208-209 (2022); Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020). A tenor con ello, los tribunales deben ser celosos al constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. JJJ Adventure v. Consejo de Titulares y otros, supra; Greene et als. v. Biase et als., supra; Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 386 (2020).

Al cuestionarse la jurisdicción de un tribunal, por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, toda vez que éste incide directamente sobre la autoridad misma para adjudicar un caso o controversia. Freire Ruiz et al. v. Morales, Hernández,

2024 TSPR 129, 215 DPR __ (2024); Mun. Aguada v. W Const. y Recovery Finance, 214 DPR 432, 449 (2024); Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 268 (2018). Una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, toda vez que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". Ruiz Camilo v. Trafon Group, Inc., *supra*, pág. 269. En estos casos, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Íd. Esto es, procede la inmediata desestimación del recurso apelativo según lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos. Íd.

De otro lado, cuando la determinación a revisar está pendiente ante la consideración del ente adjudicador, y que aún no ha sido finalmente resuelta, la cuestión recurrida no estará madura para ser considerada por el foro apelativo. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). En el ámbito procesal un recurso prematuro es aquel que es presentado en la secretaría de un tribunal apelativo antes del tiempo en el cual éste adquiere jurisdicción. Torres Martínez v. Torres Ghigliotty, *supra*, págs. 97-98. Sobre este particular, este Tribunal ha reiterado que, al igual que un recurso tardío, el recurso prematuro adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Íd*. Ello es así puesto que su presentación carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo, aún no ha nacido autoridad judicial o administrativa alguna para acogerlo. *Íd*.

**B.**

Respecto a la presentación de recursos, la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley 201-2003, establece la jurisdicción de este foro intermedio apelativo. Así, el Art. 4.006 (c), dispone que este Tribunal de Apelaciones tendrá competencia, "Mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas." 4 LPRA 24y (c).

Una orden o resolución final, se trata de aquella determinación de la agencia administrativa que pone fin a los procedimientos en un foro determinado y tiene un efecto sustancial para las partes. AAA v. UIA, 200 DPR 903, 912-913 (2018); Comisionado de Seguros v. Universal, 167 DPR 21, 29 (2006); A.R.Pe. v. Coordinadora, 165 DPR 850, 866 (2005).

A esos efectos, la Sección 3.14 de la Ley 38-2017, "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico", (LPAU), Ley Núm. 38-2017, LPAU, 3 LPRA sec. 9601 *et seq* contiene los requisitos de una determinación final, a saber:

> […]
> La orden o resolución deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso. La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley.
>
> **La orden o resolución advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones**, **así como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes**. **Cumplido este requisito comenzarán a correr dichos términos**. (énfasis nuestro). 3 LPRA sec. 9654.

Así pues, para que la decisión tenga carácter de finalidad debe incluir, entre otras, "una advertencia sobre el derecho a solicitar reconsideración o revisión judicial." Crespo Claudio v. OEG, 173 DPR 804, 813 (2008); véase, Sección 3.14 de la LPAU, *supra*, ver, además, Pérez López v. Depto. Corrección, 208 DPR 656, 673 (2022).

Así pues, se incumple con las exigencias del debido proceso de ley cuando no se notifica adecuadamente una determinación administrativa a una parte afectada por ella. Molini Gronau v. Corp. P.R. Dif. Púb., 179 DPR 674, 686 (2010); Comisión Ciudadanos v. G.P. Real Property, 173 DPR 998, 1015 (2008). Por lo tanto, si una parte no ha sido notificada adecuadamente de su derecho de revisión, a dicha parte no se le pueden oponer los términos para recurrir. No obstante, esa parte estará sujeta a la doctrina de incuria. Molini Gronau v. Corp. P.R. Dif. Púb., *supra.* La doctrina de incuria se ha definido como "dejadez o negligencia en el reclamo de un derecho, los cuales en conjunto con el transcurso del tiempo y otras circunstancias que causan perjuicio a la parte adversa, opera como un impedimento en una corte de equidad". Íd. A tenor con lo anterior, el remedio que el Tribunal Supremo ha reconocido en estos casos de notificaciones erróneas en torno a la revisión de una determinación administrativa, consiste en concederle tiempo a la parte perjudicada para que ejerza su derecho de revisión judicial como corresponde o atender el recurso de revisión ya presentado, si no ha mediado incuria. Molini Gronau v. Corp. P.R. Dif. Púb., *supra*, pág. 688.

Por otro lado, la Sección 3.15 de LPAU provee el trámite que debe seguir la parte afectada para solicitar reconsideración y la revisión judicial de una determinación de un organismo

administrativo.  En cuanto a la Reconsideración, la Sección 3.15

de LPAU expresa lo siguiente:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte **(20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla**. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales. 3 LPRA sec. 9655

Respecto a la revisión judicial, solamente las órdenes o

resoluciones finales dictadas por las agencias o funcionarios

administrativos pueden ser revisadas judicialmente, en el término

jurisdiccional para solicitar la revisión judicial, a esos efectos la

Sección 4.2 de la LPAU dispone en lo pertinente, que:

> **[u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia** o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la **orden o resolución final de la agencia** o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de **una moción de reconsideración**. (énfasis nuestro)

3 LPRA sec. 9672.

Acorde a lo anterior, la Regla 57 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 80, 215 DPR __ (2025), establece el término para presentar recurso de revisión de decisiones administrativas, a saber:

> El escrito inicial de revisión deberá presentarse dentro del término jurisdiccional de **treinta días** contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o **resolución final** del organismo o agencia, **o a partir de la fecha aplicable cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración, a menos que alguna ley especial aplicable disponga un término distinto**. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. 4 LPRA, XXII-B, R. 57.

Véase, además la Regla 56 del Reglamento del Tribunal de Apelaciones, *supra.* que provee para que este foro intermedio revise las decisiones, los reglamentos, las órdenes, las resoluciones y las providencias **finales** dictadas por organismos o agencias administrativas. (Énfasis suplido.)

En vista de lo aquí pautado, el Tribunal Supremo ha reconocido que la revisión judicial de decisiones administrativas está limitada a aquellas instancias que cumplan con dos requisitos, a saber: (1) que se trate de órdenes o resoluciones finales y (2) que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. AAA v. UIA, *supra*, pág. 912; Fuentes Bonilla v. ELA et al., 200 DPR 364 (2018); A.A.A. v. UIA, 199 DPR 638, 657 (2018); A.R.Pe. v. Coordinadora, *supra*, pág. 866; Procuradora Paciente v. MCS, 163 DPR 21, 34-35 (2004).

De otro lado, al amparo de la doctrina de agotamiento de remedios administrativos, una parte que desea obtener un remedio en una agencia debe utilizar todos los medios administrativos disponibles antes de acudir a un tribunal. Ello implica, pues, que la revisión judicial no está disponible hasta tanto la parte afectada haya utilizado todos los procedimientos correctivos ofrecidos por el procedimiento administrativo. AAA v. UIA, *supra*, pág. 913; Guzmán y otros v. E.L.A., 156 DPR 693, 711 (2002); Municipio de Caguas v. AT&T, 154 DPR 401, 407 (2001); Colón Ventura v. Méndez, 130 DPR 433, 443 (1992).  De esta forma, se evita una intromisión indebida y a destiempo en el trámite administrativo por parte de los tribunales. Comisionado Seguros v. Universal, 167 DPR 21, 29 (2006). La doctrina, además, se circunscribe a que los tribunales discrecionalmente se abstienen de revisar la actuación de una agencia hasta tanto la parte afectada por dicha actuación agote todos los remedios administrativos disponibles, de manera tal que la determinación administrativa refleje la postura final de la agencia. Colón Rivera et al, v. ELA, 189 DPR 1033, 1057 (2013); Procuradora Paciente v. MCS, *supra*; Rivera v. E.L.A., 121 DPR 582, 593 (1988).

A la luz de la normativa antes enunciada, procedemos a evaluar, la jurisdicción de este foro para atender la controversia.

**III.**

El 2 de junio de 2026, Productos Avícolas presentó un recurso para que revisemos una determinación que emitió la AAA el **8 de mayo de 2026**, notificada el 13 de mayo del corriente año.  Mediante esta, la AAA declinó atender una solicitud de vista administrativo por haber sido reclamada fuera del término dispuesto para ello.

Del recuento de hechos procesales aquí plasmados, y según informa la parte recurrente Productos Avícolas, el 28 de mayo de 2026 este presentó ante la AAA una solicitud de reconsideración. En su recurso, nos indicó que, **al momento de la presentación del presente recurso, la AAA no se había expresado sobre dicha solicitud de reconsideración**. Agregó, además, que la determinación administrativa recurrida no contenía advertencia alguna sobre el derecho a solicitar reconsideración, el derecho a acudir en revisión judicial ni los términos aplicables para ejercer dichos remedios, según exigía la Sección 3.14 de la LPAU, *supra*.

Notamos que, en efecto, el 8 de mayo de 2026, la AAA emitió una determinación a Productos Avícolas en la cual le denegó la solicitud de Vista Administrativa. Contra esa decisión, la parte recurrente nos informó que solicitó reconsideración ante la AAA el 28 de mayo de 2026, como paso previo a acudir a nuestro foro. Este acto, realizado de forma oportuna, sin incuria, tuvo el efecto de interrumpir el término para acudir ante nos. A partir de ese 28 de mayo de 2026, la AAA disponía de quince (15) días para actuar sobre la solicitud de reconsideración, según lo estatuye la sección 3.15 de LPAU, *supra.* Si la moción de reconsideración es rechazada de plano o no se actuare sobre ella, dentro de los quince (15) días, el término para solicitar revisión entonces comenzaría a correr nuevamente. Ese término vence el próximo **12 de junio de 2026**. Como el recurso ante nuestra consideración se presentó el **2 de junio de 2026**, antes que vencieran los quince (15) días, este defecto impide que este Tribunal pueda evaluarlo por ser prematuro. Ante ello, corresponde declararnos sin jurisdicción.

Luego de completarse ese trámite, nada impide que el recurrente realice sus reclamos una vez el foro apelado resuelva

lo que tenía ante su consideración o se entienda rechazada la solicitud de reconsideración. Por lo pronto, el recurso es prematuro y se tiene que desestimar.

## IV.

Por los fundamentos expresados, desestimamos el recurso por prematuro.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones